# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WINNETT KNOX,
        Appellant,

      v.

DEPARTMENT OF JUSTICE,
        Agency.

DOCKET NUMBER
DA-0752-22-0199-I-1

DATE: June 22, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Winnett Knox, Baytown, Texas, pro se.

Patricia Washington, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her termination for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The record in this appeal is sparse but appears to set forth the following facts. According to the appellant, she is a preference eligible who was employed with the agency's Executive Office for Immigration Review (EOIR) for approximately 5 years. Initial Appeal File (IAF), Tab 1 at 1. As of June 2021, she was employed with the EOIR's Office of the Chief Immigration Judge at the Houston-Greenpoint Park Immigration Court as a Legal Assistant, GS-07, in the competitive service. *Id.* at 4. Following her voluntary application and selection, the appellant was promoted to the position of Legal Administrative Specialist, GS-09, effective August 15, 2021. *Id.* at 4, 7. With this promotion, the appellant's appointment was converted from the competitive service to the excepted service, and she was subject to a 2-year trial period because her selection was from a Veterans Recruitment Appointment (VRA) authority. *Id.* at 4. Effective February 17, 2022, the agency terminated the appellant from her Legal Administrative Specialist position based on the charge of conduct unbecoming an employee, which concerned a verbal altercation with a coworker and disrespectful behavior during a subsequent meeting about the altercation. *Id.* at 4-5.

¶3     On March 10, 2022, the appellant appealed her termination to the Board, arguing that she "was never given an opportunity to rebut[] any of the allegations" against her. IAF, Tab 1 at 8. She did not request a hearing. *Id.* at 2. Recognizing that the Board may not have jurisdiction over the appellant's appeal, the administrative judge informed the appellant of what a preference eligible in the excepted service must show to establish the Board's jurisdiction over her termination, and he ordered her to file evidence and argument constituting a nonfrivolous allegation that the termination action is within the Board's jurisdiction. IAF, Tab 2 at 2-6. After the appellant failed to respond to the jurisdictional order, the administrative judge issued an order to show cause, providing the appellant with an additional opportunity to establish the Board's

jurisdiction and ordering her to file evidence and argument constituting a nonfrivolous allegation of jurisdiction. IAF, Tab 7. The appellant did not respond to the order to show cause.

¶4    On April 29, 2022, the administrative judge issued an initial decision dismissing the appeal. IAF, Tab 8, Initial Decision (ID). He found that the appellant failed to establish that she is an "employee" under 5 U.S.C. § 7511(a)(1)(B) who is eligible to appeal her termination to the Board. ID at 4-5. He also found that the appellant failed to nonfrivolously allege any fact supporting a regulatory right to an appeal under 5 C.F.R. § 315.806. ID at 5-6. Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 6.

¶5    The appellant has filed a petition for review of the initial decision, wherein she argues that she had been a Legal Assistant with the agency since 2017 and that she is, therefore, a "[p]ermanent employee" with Board appeal rights.[2] Petition for Review (PFR) File, Tab 1 at 4. She also reasserts that she was not provided with an opportunity to respond to the allegations against her, and she continues to argue the merits of her termination.[3] *Id.* at 5-7. The agency has

---

[2] The appellant also argues on review that, at the time she was terminated from her Legal Administrative Specialist position, her appointment was pending conversion to the competitive service and that she would submit to the Board an updated Standard Form 50 (SF-50) reflecting such change when she received it. PFR File, Tab 1 at 4. Although a conversion to the competitive service would alter the statutory requirements that the appellant would need to meet to establish the Board's jurisdiction, she filed an appeal of her termination from a position in the excepted service. It is well settled that the Board's jurisdiction is determined by the nature of the agency's action against the appellant at the time an appeal is filed with the Board. *See Pupis v. U.S. Postal Service*, 105 M.S.P.R. 1, ¶ 4 (2007). Accordingly, any such conversion from the excepted service to the competitive service would not change the outcome arrived at in this Order and discussed below.

[3] With her petition for review, the appellant also submits a certificate of release or discharge from active duty, SF-50s concerning a pay increase and health benefits coverage, performance appraisals from 2017 regarding her Legal Assistant position, the termination notice, and the personal statement included in her initial appeal. *Id.* at 9-23.

responded to the appellant's petition for review, and the appellant has replied to the agency's response.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The Board's jurisdiction is not plenary, and it is limited to matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations of Board jurisdiction.  *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007).  The appellant bears the burden of proving, by preponderant evidence, that the Board has jurisdiction over her appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7    Only an "employee" can appeal to the Board from an adverse action.  *See* 5 U.S.C. § 7511(a)(1); *Mfotchou v. Department of Veterans Affairs*, 113 M.S.P.R. 317, ¶ 8 (2010).  As set forth above, the appellant's appointment to the Legal Administrative Specialist position was made pursuant to VRA authority.  IAF, Tab 1 at 4.  VRA appointments are excepted service appointments made without competition to positions otherwise in the competitive service.  *See* 38 U.S.C. § 4214; 5 C.F.R. § 307.103.  A preference eligible in the excepted service, such as the appellant, is an "employee" with Board appeal rights if she has completed 1 year of current continuous service in the same or similar positions.[4]  5 U.S.C.

---

[4] As set forth above, in the initial decision, the administrative judge also stated that the appellant may have a regulatory right to appeal under 5 C.F.R. § 315.806.  ID at 5-6.  It appears that he did so based on the agency's inclusion of such appeal rights in its termination notice.  IAF, Tab 1 at 6.  However, the Board has found that an individual appointed in the excepted service, such as the appellant, has no regulatory right to appeal under 5 C.F.R. § 315.806 because that provision applies only to individuals in the competitive service.  *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 10 (2010); *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 6 (2006).  It is well settled that the Board's jurisdiction cannot be expanded by an agency's erroneous notice of appeal rights.  *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009).  Because the appellant was a preference eligible in the excepted service, the Board has jurisdiction over her appeal only if she was an "employee" under 5 U.S.C. § 7511(a)(1)(B), as set forth above.  *See Allen*, 102 M.S.P.R. 302, ¶ 6.

§ 7511(a)(1)(B); *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).

¶8      In the initial decision, the administrative judge stated that it was undisputed that the agency converted the appellant's appointment to the excepted service on August 15, 2021, and terminated her effective February 17, 2022, before she completed 1 year of current continuous service.  ID at 5; IAF, Tab 1 at 4.  He also observed that the appellant did not allege that any of her prior Federal service constituted "current continuous service" under section 7511(a)(1)(B).  ID at 5.  Accordingly, he found that the appellant failed to establish that she is an "employee" eligible to appeal her termination to the Board pursuant 5 U.S.C. § 7511(a)(1)(B).  *Id.*

¶9      On review, the appellant argues that she had been a Legal Assistant with the agency since 2017, and that the Legal Assistant position was "the same position" as the Legal Administrative Specialist position from which she was terminated.  PFR File, Tab 1 at 4.  She alleges that the agency "just changed the title of the position."  *Id.*  The appellant did not raise this argument below.[5]  IAF, Tab 1.  Although the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), the appellant's new argument concerns whether the Board has jurisdiction over her appeal, a question

---

[5] Although the record below suggests that the appellant had been employed with the agency since 2017, the appellant did not allege before the administrative judge that her prior service was in a same or similar position to the position from which she was terminated.  IAF, Tab 1.  This is presumably the basis for the administrative judge's finding that the appellant failed to nonfriovlously allege that her prior service constituted "current continuous service" under 5 U.S.C. § 7511(a)(1)(B).  ID at 5.  Thus, her argument in her petition for review that she held the Legal Assistant position since 2017 and that that position and the Legal Administrative Specialist position are the same is new.

that is always before the Board, *see Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).  Therefore, we consider it here.

¶10     We acknowledge that the appellant's assertion on review that the Legal Assistant and Legal Administrative Specialist positions are "the same" is terse and lacks supporting detail.  PFR File, Tab 1 at 4.  However, fundamental fairness requires us to construe a pro se appellant's allegations liberally.  *See Farooq v. Corporation for National and Community Service*, 109 M.S.P.R. 73, ¶ 11 (2008) (stating that, because a pro se appellant is not expected to plead issues with the same precision as would be expected of an attorney, the Board will construe her claims liberally); *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (same), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).  Therefore, we construe the appellant's claim as one alleging that, because she was a Legal Assistant with the agency since 2017 and the Legal Assistant position was "the same" as the Legal Administrative Specialist position, she had at least 1 year of current continuous service in a same or similar position when she was terminated.  PFR File, Tab 1 at 4.  Such an assertion constitutes a nonfrivolous allegation that the Board has jurisdiction over the appeal pursuant to 5 U.S.C. § 7511(a)(1)(B).  *See Newman v. U.S. Postal Service*, 79 M.S.P.R. 64, 67 (1998) (finding that an allegation that two positions are "materially the same" constitutes a nonfrivolous allegation of Board jurisdiction).  Further, the Board has explained that an appellant's nonfrivolous allegation that two positions are the same or similar "creates a legitimate factual issue" as to whether she had 1 year of current continuous service in the same or similar positions.  *See id.* Accordingly, we find that the appellant is entitled to a jurisdictional hearing on this issue where she must prove jurisdiction by preponderant evidence.  *See id.* at 68; 5 C.F.R. § 1201.56(b)(2)(i)(A).

**ORDER**

¶11    For the reasons discussed above, we remand this appeal to the Dallas Regional Office for further adjudication in accordance with this Remand Order.[6] Although the appellant did not request a hearing in her initial appeal, and there is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction, if the administrative judge concludes that a determination cannot be made based on the documentary evidence, an evidentiary hearing should be held to resolve the jurisdictional question.[7]  *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 (2013).


FOR THE BOARD:                                          /s/ for
                                                        _____
                                                        Jennifer Everling
                                                        Acting Clerk of the Board
Washington, D.C.

---

[6] After the close of record on review, the appellant filed a "Motion to Accept Late Filing," in which she requested to submit new evidence and argument in support of her petition for review.  PFR File, Tab 6.  Because we are remanding this appeal, we deny this motion.  The appellant will have the opportunity to submit additional evidence and argument on remand, and, to the extent it is relevant to the issues in this appeal, the administrative judge should consider it.

[7] If the administrative judge finds that the appellant failed to establish that she is an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(B) with Board appeal rights, we note that the agency's failure to inform her that she would lose her Board appeal rights after voluntarily transferring from the Legal Assistant position in the competitive service to the Legal Administrative Specialist position in the excepted service does not confer Board jurisdiction.  *See Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1162-63 (Fed. Cir. 2018) (holding that an agency's failure to inform an employee of the consequences of a voluntary transfer cannot confer appeal rights to an employee in a position which has no appeal rights by statute).